Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
*and the Putative Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| TRAVIS POPER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FOX NEWS NETWORK, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

This class action complaint alleges that defendant FOX News Network, LLC, through its online video subscription service FoxNation.com ("Fox Nation" or "Defendant"), violates California law in connection with automatically renewing subscriptions. Among other things, Fox Nation enrolls consumers in automatic renewal membership programs without providing the "clear and conspicuous" disclosures

COMPLAINT                    1                    _____

mandated by California law, and posts charges to consumers' credit or debit cards for purported membership charges without first obtaining the consumers' affirmative consent to an agreement containing the requisite clear and conspicuous disclosures. This course of conduct violates the Auto Renewal Law ("ARL"), which is part of California's False Advertising Law and the Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.) ("UCL Plaintiff's allegations are made on personal knowledge as to Plaintiff and Plaintiff's own acts and upon information and belief as to all other matters.

## SUMMARY OF APPLICABLE LAW

1.      In 2009, the California Legislature passed Senate Bill 340, which took effect on December 1, 2010 as Article 9 of Chapter 1 of the False Advertising Law. (Bus. & Prof. Code § 17600 et seq. (the California Automatic Renewal Law or "ARL").) (Unless otherwise stated, all statutory references are to the Business & Professions Code). SB 340 was introduced because:

> It has become increasingly common for consumers to complain about unwanted charges on their credit cards for products or services that the consumer did not explicitly request or know they were agreeing to. Consumers report they believed they were making a one-time purchase of a product, only to receive continued shipments of the product and charges on their credit card. These unforeseen charges are often the result of agreements enumerated in the "fine print" on an order or advertisement that the consumer responded to.

2.      The Assembly Committee on Judiciary provided the following background for the legislation:

COMPLAINT                                    2

This non-controversial bill, which received a unanimous vote on the Senate floor, seeks to protect consumers from unwittingly consenting to "automatic renewals" of subscription orders or other "continuous service" offers. According to the author and supporters, consumers are often charged for renewal purchases without their consent or knowledge. For example, consumers sometimes find that a magazine subscription renewal appears on a credit card statement even though they never agreed to a renewal.

3.    The ARL seeks to ensure that, before there can be a legally-binding automatic renewal or continuous service arrangement, there must first be clear and conspicuous disclosure of certain terms and conditions and affirmative consent by the consumer. To that end, § 17602(a) makes it unlawful for any business making an automatic renewal offer or a continuous service offer to a consumer in California to do any of the following:

a.    Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer. For this purpose, "clear and conspicuous" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." (§ 17601(c).) "In the case of an audio disclosure, 'clear and conspicuous' … means in a volume and cadence sufficient to be readily

COMPLAINT                                   3                                   _____

audible and understandable." (Ibid.) The statute defines "automatic renewal offer terms" to mean the "clear and conspicuous" disclosure of the following: (1) that the subscription or purchasing agreement will continue until the consumer cancels; (2) the description of the cancellation policy that applies to the offer; (3) the recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known; (4) the length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer; and (5) the minimum purchase obligation, if any. (Bus. & Prof. Code § 17601(b).)

b.     Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing clear and conspicuous disclosure of the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time. (Bus. & Prof. Code § 17602(a)(2).)

c.     Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding

COMPLAINT                                              4                                           _____

how to cancel in a manner that is capable of being retained by the consumer. (Bus. & Prof. Code § 17602(a)(3).)

4.    Section 17602(b) requires that the acknowledgment specified in § 17602(a)(3) include a toll-free telephone number, electronic mail address, or another "cost-effective, timely, and easy-to-use" mechanism for cancellation. If a business sends any goods, wares, merchandise, or products to a consumer under a purported automatic renewal or continuous service arrangement without first obtaining the consumer's affirmative consent to an agreement containing the "clear and conspicuous" disclosures as specified in the ARL, the goods, wares, merchandise, and/or products are deemed to be an unconditional gift to the consumer, who may use or dispose of them without any obligation whatsoever. (Bus. & Prof. Code § 17603.)

5.    Violation of the ARL gives rise to restitution and private and public injunctive relief under the general remedies provision of the False Advertising Law, Bus. & Prof., Code § 17535, Bus. & Prof. Code §§ 17604(a) and 17203.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction under 28 U.S.C. § 1332(d) because this action is a class action in which the aggregate amount in controversy for the proposed Class (defined below) exceeds $5,000,000, and at least one member of the Class is a citizen of a state different from that of Defendant.

COMPLAINT                                          5

7.      Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b)(2) because Defendant caused the injury to Plaintiff, who resides in this District.

**PARTIES**

8.      Plaintiff Travis Poper is an adult citizen residing in Hemet, California.

9.      Defendant FOX News Network, LLC a Delaware limited liability company that maintains its principal place of business at 1211 Avenue of the Americas in Midtown Manhattan, New York. Defendant owns and operates FoxNation.com.

**FACTS GIVING RISE TO THIS ACTION**

10.      Through their website, FoxNation.com, Defendant offers consumers access to a range of documentary, news, concerts, interview, and other videos, including a "free trial." Consumers who indicate an interest in the free trial offer are presented with the following sequence of pages.

11.      The first step is for the consumer to select the "Start Your Free Trial" button.

12.      The second step is for the consumer to select monthly or annual billing.

13.      After making a selection, the consumer is invited to click on the red button titled "Start Your Free Trial."

14.      The third step is for the consumer to create an account by entering name and email address, and choosing a password.

COMPLAINT                                                 6

15.    After clicking on the "Continue" button, the consumer is presented with a screen for entry of payment information titled Add Your Payment Method, after which the consumer can click the "Start Subscription" button through PayPal or credit card.

16.    After submission of payment information, the consumer is presented with a thank you screen that says "Thank you for joining Fox Nation. You will receive an email confirmation subscription. Watch your favorite shows, documentaries, and movies anywhere with our app. Choose your device below to see how to watch."

17.    For the reasons explained below, Defendant does not provide consumers with automatic renewal disclosures in the manner required by California law.

18.    Plaintiff went through the sequence of pages described above. Plaintiff selected the annual payment option.

19.    When Plaintiff entered his credit card details and accepted the Free Trial, Plaintiff believed that upon expiration of the free trial period, his credit card would be charged for a single year in the amount of $46.17.

20.    On December 21, 2020, Plaintiff's credit card was charged $46.17.

21.    Plaintiff was not aware that Defendant was going to enroll him in a subscription that would automatically renew from one year to the next and for which additional charges would be posted to Plaintiff's credit card. Nevertheless, December 21, 2021, December 21, 2022, and December 22, 2023 posted additional charges of $71.03 to Plaintiff's credit card.

22.     These additional charges posted by Defendant to Plaintiff's credit card resulted in less value to Plaintiff than the $71.03 charge he incurred. Plaintiff did not wish to renew at all, and if he did renew, Plaintiff did not wish to spend more than the promotional rate he spent in the first year of $46.17.

23.     If Plaintiff had known that Defendant was going to enroll him in an automatically renewing program that would result in additional charges being posted to his credit card, Plaintiff either would not have submitted his credit card account to Defendant or would have cancelled so as to avoid any charges to his credit card during or after December 2020.

24.     When Plaintiff noticed the 2021, 2022, and 2023 renewal charges for $71.03, he cancelled his account.

25.     On December 5, 2024, Plaintiff signed up again for FoxNews.com, this time at a rate of $25.67 for one year. Plaintiff would like to use FoxNews.com if it would let Plaintiff pick when he wants to sign up for a year's service instead of auto renewing his credit card account without the required disclosures.

**CLASS ACTION ALLEGATIONS**

26.     Plaintiff brings this lawsuit as a class action under Fed. R. Civ. P. 23 on behalf of the following Class:

> All individuals in California who were (1) enrolled in a FoxNation.com membership program on or after April 21, 2021, and (2) charged for such FoxNation.com membership program within the applicable statute of limitations.

COMPLAINT                                    8

Excluded from the Class are all employees of Defendant, all employees of Plaintiff's counsel, and the judicial officers to whom this case is assigned.

27.    **Ascertainability**. The members of the Class may be ascertained by reviewing records in the possession of Defendant and/or third parties, including without limitation Defendant's marketing and promotion records, customer records, and billing records.

28.    **Common Questions of Fact or Law**. There are questions of fact or law that are common to the members of the Class, which predominate over individual issues. Common questions regarding the Class include, without limitation:

- Whether Defendant presents all statutorily mandated automatic renewal offer terms in a manner that is clear and conspicuous within the meaning of California law and in visual proximity to a request for consent to the offer;

- Whether Defendant provides consumers with the cancellation policy and information regarding a mechanism for cancellation that is cost-effective, timely, and easy to use;

- Whether Defendant obtains affirmative consent prior to charging Plaintiff's credit card for a renewal; and

- the appropriate remedies for Defendant's conduct.

COMPLAINT                                            9

29.     **Numerosity**. The Class is so numerous that joinder of all Class members would be impracticable. Plaintiff is informed and believes and thereon alleges that the Class consists of at least 100 members.

30.     **Typicality and Adequacy**. Plaintiff's claims are typical of the claims of the Class members. Plaintiff alleges on information and belief that Defendant enrolled him and other Class members in automatic renewal or continuous service programs without disclosing all automatic renewal offer terms required by law, and without presenting such terms in the requisite clear and conspicuous manner; charged Plaintiff's and Class members' credit cards, debit cards, or third party accounts without first obtaining affirmative consent to an agreement containing clear and conspicuous disclosure of all automatic renewal offer terms; and failed to provide the requisite acknowledgment with the required disclosures. Plaintiff has no interests adverse to those of the other Class members. Plaintiff will fairly and adequately protect the interests of the Class members.

31.     **Superiority**. A class action is superior to other methods for resolving this controversy. Because the amount of restitution to which each Class member may be entitled is low in comparison to the expense and burden of individual litigation, it would be impracticable for Class members to redress the wrongs done to them without a class action forum. Furthermore, on information and belief, Class members do not know that their legal rights have been violated. Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments.

COMPLAINT                                        10

32.    **Risk of Inconsistent or Varying Adjudications**. Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant. As a practical matter, adjudication with respect to individual Class members would also be dispositive of the interests of others not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

33.    Defendant Has Acted on Grounds Generally Applicable to the Class. Defendant has acted on grounds that are generally applicable to each Class member, thereby making appropriate final injunctive relief and/or declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
False Advertising – Based on Violation of the
California Automatic Renewal Law (Bus. & Prof. Code § 17600, § 17535 and § 17200)

34.    Plaintiff incorporates the previous allegations as though fully set forth herein.

35.    Plaintiff is informed and believes and thereon alleges that, during the applicable statute of limitations period, Defendant has enrolled consumers, including Plaintiff and Class members, in an automatic renewal program or continuous service program and have violated the ARL by, among other things, (a) failing to present automatic renewal offer terms in a clear and conspicuous manner before a subscription or

purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to a request for consent to the offer; (b) charging the consumer's credit card, debit card, or third-party payment account for an automatic renewal without first obtaining the consumer's affirmative consent to an agreement containing clear and conspicuous disclosure of all automatic renewal offer terms; and (c) failing to provide an acknowledgment that includes clear and conspicuous disclosure of all automatic renewal offer terms, the cancellation policy, and information regarding a mechanism for cancellation that is cost-effective, timely, and easy to use, all in violation of § 17602(a) and (b). Plaintiff has suffered injury-in-fact and lost money as a result of Defendant's violations of the ARL. Pursuant to Bus. & Prof. Code § 17535, Plaintiff and Class members are entitled to restitution of all amounts that Defendant charged to Plaintiff's and Class members' credit cards, debit cards, or third-party payment accounts in connection with an automatic renewal membership program during the four years preceding the filing of this Complaint and continuing until Defendant's statutory violations cease.

36.     Unless enjoined and restrained by this Court, Defendant will continue to commit the violations alleged herein. Pursuant to § 17535, on behalf of the Class and pursuant to § 17200 for the benefit of the general public of the State of California, Plaintiff seeks an injunction prohibiting Defendant from continuing their unlawful practices as alleged herein.

COMPLAINT                                        12

## SECOND CAUSE OF ACTION
### Violation of the California Unfair Competition Law
### (Bus. & Prof. Code § 17200 et seq.)

37.     Plaintiff incorporates the previous allegations as though fully set forth herein. The Unfair Competition Law defines unfair competition as including any unlawful, unfair, or fraudulent business act or practice; any unfair, deceptive, untrue, or misleading advertising; and any act of false advertising under § 17500. (Bus. & Prof. Code § 17200.)

38.     In the course of conducting business in California within the applicable limitations period, Defendant committed unlawful, unfair, and/or fraudulent business practices, and engaged in unfair, deceptive, untrue, or misleading advertising, by, inter alia and without limitation:

(a)     failing to present automatic renewal offer terms in a clear and conspicuous manner before a subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to a request for consent to the offer, in violation of § 17602(a)(1);

(b)     charging the consumer's credit card, debit card, or third-party payment account in connection with an automatic renewal without first obtaining the consumer's affirmative consent to an agreement containing clear and conspicuous disclosures of all automatic renewal offer terms, in violation of § 17602(a)(2); and

COMPLAINT                                    13                                    _____

1
2
3
4
(c)    failing to provide an acknowledgment that includes clear and conspicuous disclosure of all required automatic renewal offer terms, the cancellation policy, and information regarding a cancellation mechanism that is cost-effective, timely, and easy-to-use, in violation of § 17602(a)(3).

5
6
7
8
9
10
11
39.    Defendants' acts and omissions as alleged herein violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

12
13
40.    There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

14
15
16
41.    Defendant's acts, omissions, nondisclosures, and statements as alleged herein were and are false, misleading, and/or likely to deceive the consuming public.

17
18
19
42.    Plaintiff lost money as a result of Defendant's acts of unfair competition when Defendant renewed Plaintiff's subscription without obtaining affirmative consent.

20
21
22
23
24
43.    Pursuant to § 17203, Plaintiff and the Class members are entitled to restitution of all amounts paid to Defendant in connection with an automatic renewal membership program in the four years preceding the filing of this Complaint and continuing until Defendant's acts of unfair competition cease.

25
26
27
44.    Pursuant to § 17200, Plaintiff brings a claim on behalf of the general public to prevent Defendant from unlawfully selling subscriptions without the notices that

28

COMPLAINT                                    14                            _____

California requires to be presented to its citizens prior to charging for subscription renewals.

45.    Unless enjoined and restrained by this Court, Defendant will continue to commit the violations alleged herein. Pursuant to § 17203, on behalf of the Class, Plaintiff seeks restitution of amounts unlawfully retained and an injunction prohibiting Defendant from continuing its unlawful practices as alleged herein.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    A. For restitution of amounts unjustly retained by Defendant on behalf of the Class;

    B. An injunction on behalf of the People of the State of California;

    C. For reasonable attorneys' fees, costs, and interest, pursuant to Code of Civil Procedure § 1021.5; and

    D. For such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 38-1, Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 21, 2025                    Respectfully submitted,


By: /s/ Mark L. Javitch_____
    Mark L. Javitch (California SBN 323729)
    3 East Third Ave. Ste. 200

COMPLAINT                                    15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

Attorney for Plaintiff
*and the Putative Class*